FILED

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF FLORIDA

99 FEB 19 PM 1:27

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HARRY DUNLEAVY,

        PLAINTIFF,

VS

LARGO POLICE DEPARTMENT AND INDIVIDUALLY AGAINST POLICE OFFICERS NANCY CAMPBELL AND WILLIAM LOGAN, CHIEF OF POLICE JERRY BLOECHLE, AND LARGO CITY MANAGER STEVEN STAUNTON,

        DEFENDANTS

**COMPLAINT**

**TRIAL BY JURY IS REQUESTED**

99-367-CIV-T-24E

PLAINTIFF HARRY DUNLEAVY, ATTORNEY PRO SE, FOR HIS COMPLAINT, ALLEGES THAT:

### INTRODUCTION

1. THIS IS AN ACTION FOR LEGAL AND EQUITABLE RELIEF AGAINST THE ABOVE-NAMED DEFENDANTS FOR THEIR UNLAWFUL DISCIPLINE OF THE PLAINTIFF IN VIOLATION OF THE CIVIL RIGHTS ACT, DISCRIMINATING AGAINST HIM BY VIOLATING HIS CIVIL AND CONSTITUTIONAL RIGHTS, INCLUDING THE RIGHT TO ENTER HIS OWN PROPERTY AND/OR TO PERFORM DUTIES ON HIS OWN PROPERTY, ATTEMPTING TO DESTROY HIS BUSINESS, DENYING HIM THE RIGHT OF DUE PROCESS, CONDONING BLATANT DISCRIMINATION AGAINST HIM, AIDING AND ABETTING CONVICTED CRIMINALS IN THEIR ATTEMPT TO INFLICT HARM ON HIM, CAUSING PHYSICAL BODILY HARM TO THE PLAINTIFF REQUIRING ONGOING MEDICAL ATTENTION, FALSE ARREST AND IMPRISONMENT, REFUSING TO TAKE ACTION AGAINST PERPETRATORS WHO CAUSED PHYSICAL DAMAGE TO PLAINTIFF'S PROPERTY, ETHNIC ABUSE OF THE PLAINTIFF, CONDOING AND/OR LOOKING ASKANCE AT FELONIOUS ACTS AGAINST HIM BY CONVICTED CRIMINALS AND OTHERS. ADDITIONALLY, THE PLAINTIFF REQUESTS INJUNCTIVE RELIEF INCLUDING <u>PUNITIVE DAMAGES FOR CONTINUOUS AND DELIBERATE VIOLATION OF HIS CIVIL AND HUMAN RIGHTS FOR A PROTRACTED PERIOD OF TIME.</u>



## JURISDICTION

2. FEDERAL JURISDICTION IS BASED ON THE CIVIL RIGHTS ACT 42 USC SECTIONS 1983 AND 1985 AND THE PENDANT JURISDICTION OF THIS COURT WITH REGARD TO THE STATE CAUSES OF ACTION.

## PARTIES

3. THE LARGO POLICE DEPARTMENT IS THE LAW ENFORCEMENT AUTHORITY FOR THE CITY OF LARGO IN THE STATE OF FLORIDA. ITS MAIN PLACE OF BUSINESS IS LOCATED AT 100 EAST BAY DRIVE, IN THAT CITY. DEFENDANT NANCY CAMPBELL IS, AND AT ALL RELEVANT TIMES HEREIN HAS BEEN, A POLICE OFFICER FOR THE ABOVE REFERENCED POLICE DEPARTMENT. DEFENDANT WILLIAM LOGAN IS, AND AT ALL RELEVANT TIMES HEREIN HAS BEEN, A POLICE OFFICER FOR THE ABOVE REFERENCED POLICE DEPARTMENT. DEFENDANT JERRY BLOECHLE IS, AND AT ALL RELEVANT TIMES HEREIN HAS BEEN, THE CHIEF OF POLICE FOR THE CITY OF LARGO POLICE DEPARTMENT.

## FACTUAL ALLEGATIONS

4. PLAINTIFF, HARRY DUNLEAVY ASSERTS THAT HE IS THE **DE-FACTO** OWNER OF MIDWAY GARDEN APARTMENTS LOCATED AT 55 JASPER STREET, LARGO, FLORIDA, HAVING BEEN WILLED THE PROPERTY BY HIS LATE WIFE, ROSEMARY T. DUNLEAVY, WHO DIED OF CANCER THREE YEARS AGO. THE PLAINTIFF ASSERTS THAT HE IS FIFTY SEVEN YEARS OLD, A NATURALIZED CITIZEN OF THE UNITED STATES, THE HOLDER OF THREE DEGREES, A QUALIFIED HIGH SCHOOL MATHEMATICS AND SPANISH TEACHER, THE RECIPIENT OF A COMMENDATION FROM HIS STATE FOR ASSISTING WAYWARD CHILDREN, AND HAS NEVER BEEN IN TROUBLE WITH THE LAW UNTIL ARRESTED BY DEFENDANTS NANCY CAMPBELL AND WILLIAM LOGAN OF THE LARGO POLICE DEPARTMENT ON JANUARY 15, 1998. THE PLAINTIFF ALSO ASSERTS THAT HE HOLDS THREE PUBLIC OFFICES FOR HIS POLITICAL PARTY, THAT OF COMMITTEEMAN, MUNICIPAL CHAIRMAN, AND COUNTY TREASURER. HE ALSO ASSERTS THAT HE WAS AN ASSISTANT MANAGER FOR THE DEMOCRATIC GUBERNATORIAL CANDIDATE, JAMES MCGREEVEY, WHO NARROWLY LOST THE LAST ELECTION FOR GOVERNOR OF THE STATE OF NEW JERSEY. PLAINTIFF ALSO ASSERTS THAT HE HAS BEEN DAMAGED PROFESSIONALLY AND POLITICALLY BY THE FALSE ARREST OF OFFICERS CAMPBELL AND LOGAN. THE PLAINTIFF ALSO ASSERTS THAT HE NOW HAS TO ANSWER IN THE **AFFIRMATIVE** ANY TIME HE IS OFFICIALLY ASKED IF HE HAS EVER BEEN ARRESTED.

5. THE PLAINTIFF FURTHER ASSERTS THAT THEFT IN THE AREA OF HIS COMPLEX IS ENDEMIC AND THAT THE CHARGED POLICE DEPARTMENT ARE BOTH INCAPABLE AND UNWILLING TO AMELIORATE THE SITUATION. PLAINTIFF ALSO ASSERTS THAT THE LARGO POLICE DEPARTMENT HAVE A BUILT IN POLICY OF AVOIDING INVESTIGATIONS AND INVARIABLY EXTRICATE THEMSELVES BY TELLING THE VICTIMS OF CRIME THAT THE PROBLEM IS ENCOMPASSED IN THE CIVIL DOMAIN OF THE VICTIM AND THE PERPETRATOR. THE PLAINTIFF FURTHER ASSERTS THAT THE LARGO POLICE DEPARTMENT CAN BE CORRELATED AND/OR EQUATED WITH A GESTAPO TYPE UNIT MORE INTENT IN PHYSICALLY ABUSING PEOPLE THAN IN SOLVING CRIME.

6. ON JUNE 10, 1997, THE PLAINTIFF SIGNED A CONTRACT WITH ONE RICHARD BERTRAND AND HIS COMMON LAW WIFE, ALICE MUZAURIETA, TO MANAGE MIDWAY GARDEN APARTMENTS. **NOWHERE IN THAT CONTRACT WAS PERMISSION GIVEN AND/OR SPECIAL MENTION MADE THAT BERTRAND AND MUZAURIETA COULD RESIDE AT THE COMPLEX. IN FACT, THE CONTRACT STIPULATED THAT THEIR MAIN PLACE OF BUSINESS WAS AT THEIR RESIDENCE, 3322 CAMELOT DRIVE, LARGO, FLORIDA 33771.** PLAINTIFF WAS LED TO BELIEVE BY THE ABOVE NAMED INDIVIDUALS THAT THEY WERE LEGALLY MARRIED AND THAT MS. MUZAURIETA JUST HADN'T CHANGED HER NAME. BERTRAND REFUSED TO GIVE PERMISSION TO THE PLAINTIFF AND HIS AGENT FOR A NATIONAL BACKGROUND CHECK CITING HARASSMENT FROM A FORMER WIFE FOR ADDITIONAL ALIMONY AS THE REASON FOR SAME. BOTH THE PLAINTIFF AND HIS AGENT ACCEPTED THIS EXPLANATION.

7. THE AFOREMENTIONED RICHARD BERTRAND IS A **CONVICFED KILLER** AND SERVED A PROTRACTED PERIOD OF TIME IN WALPOLE STATE PRISON, MASSACHUSETTS, FOR MANSLAUGHTER AFTER A MURDER CHARGE WAS PLEA BARGAINED DOWN TO THE LATTER. HE ALSO HAS A CONVICTION FOR **ARMED ROBBERY AT NIGHT**. HIS RESUME IS FURTHER EMBELLISHED WITH A CONVICTION FOR **EVASION OF ALIMONY** IN HERNANDO COUNTY, FLORIDA.

8. ALICE MUZAURIETA WAS ARRESTED BY THE LARGO POLICE AND SPENT TIME IN JAIL FOR ASSAULTING HER DAUGHTER'S BOYFRIEND WITH A GOLF CLUB. SHE ALSO HAS AN ARREST RECORD WITH THE LARGO POLICE FOR ASSAULTING HER CRIMINALLY CONVICTED COMMON LAW PARTNER, RICHARD BERTRAND. **DEFENDANT POLICE OFFICERS CAMPBELL AND LOGAN WERE THE OFFICERS RESPONSIBLE FOR ARRESTING AND PLACING MUZAURIETA IN THE COUNTY JAIL FOR THE LATTER TRANSGRESSION. SHE HAS BEEN A LONG TIME FUGITIVE WANTED FOR WRITING BAD CHECKS.** THE ACTIVITIES PERPETRATED AGAINST THIS PLAINTIFF DURING THEIR PERIOD OF EMPLOYMENT BY THE ABOVE NAMED CRIMINALS INDELIBLY STATES THAT THEIR CRIMINAL PAST HAS NOT FORSAKEN THEM.

9. FROM THE INCEPTION OF BERTRAND'S AND MUZAURIETA'S HIRING, THE INCOME FROM THE LAUNDRY FACILITIES AT MIDWAY GARDEN APARTMENTS DECREASED TO LITTLE MORE THAN FIFTY PERCENT OF ITS PREVIOUS VALUE. BERTRAND AND MUZAURIETA WERE WARNED ABOUT THIS IN WRITING ON NOVEMBER 13, 1997. RESPONDING TO A MYRIAD OF COMPLAINTS FROM TENANTS ABOUT BERTRAND AND MUZAURIETA, PLAINTIFF VISITED THE COMPLEX ON JANUARY 10, 1998, AND FOUND IT IN A DEPLORABLE SITUATION. IN ADDITION TO THE TENANT COMPLAINTS ABOUT LACK OF SERVICE, SEVERAL TENANTS COMPLAINED ABOUT THE MANAGER'S DRUNKENESS AND VIOLENCE INCLUDING A PUBLIC ASSAULT BY BERTRAND ON MS. MUZAURIETA REQUIRING A VISIT BY THE LARGO POLICE. **ON JANUARY 11, 1998, BERTRAND THREATENED THE PLAINTIFF BY WARNING HIM NOT TO COME NEAR THE COMPLEX OFFICE IN APARTMENT 16 BECAUSE HE HAD A GUN. ON JANUARY 13, 1998, PLAINTIFF FIRED BERTRAND AND MUZAURIETA.**

10. ON THE MORNING OF JANUARY 15, 1998, PLAINTIFF CONTACTED THE PINELLAS COUNTY SHERIFF'S DEPARTMENT REGARDING THE THREATS MADE BY BERTRAND WITH HIS GUN. AND SPOKE WITH ONE SERGEANT CARR. LATER THAT DAY BERTRAND AND MUZAURIETA REFUSED TO LET PLAINTIFF HAVE THE KEYS TO THE COMPLEX'S TOOL ROOM AND SWIMMING POOL ROOM. THEY ALSO ATTEMPTED TO DENY PLAINTIFF THE USE OF HIS OFFICE TELEPHONE IN APARTMENT 16 BUT LATER ACEDED TO HIS REQUEST. ON LEAVING THE OFFICE WITH HIS TELEPHONE, PLAINTIFF WAS PUSHED TWICE BY A FRIEND OF BERTRAND AND MUZAURIETA WHO WAS NOW ILLEGALLY RESIDING IN PLAINTIFF'S COMPLEX. IT WAS LATER ASCERTAINED THAT HER NAME IS NANCY HARTFORD. ALTHOUGH PLAINTIFF HASN'T SEEN ANY HARD EVIDENCE, IT HAS BEEN BROUGHT TO HIS ATTENTION BY PERSPICACIOUS SOURCES THAT MS. HARTFORD, LIKE BERTRAND AND MUZAURIETA, ALSO HAS A CRIMINAL RECORD. ON LEAVING THE OFFICE ON JANUARY 15, 1998, BERTRAND THREATENED TO **KILL** THE PLAINTIFF. PLAINTIFF THEN CALLED THE LARGO POLICE FROM A TENANT'S APARTMENT.

11. POLICE OFFICERS CAMPBELL AND LOGAN ARRIVED ALMOST SIMULTANEOUSLY AT THE COMPLEX ON JANUARY 15, 1998. CAMPBELL ENTERED THE COMPLEX OFFICE IN APARTMENT 16 AND TOOK STATEMENTS FROM CONVICTED CRIMINALS BERTRAND AND MUZAURIETA. **A WARRANT EXISTED AT THIS POINT IN TIME FOR MUZAURIETA'S ARREST WHICH WAS EITHER SWEPT UNDER THE RUG BY OFFICERS CAMPBELL AND LOGAN OR BYPASSED DUE TO THEIR INCOMPETENCE. THE LARGO POLICE DEPARTMENT HAVE SINCE ATTEMPTED TO COVER UP FOR CAMPBELL'S AND LOGAN'S INCOMPETENCE BY LYING TO THE PLAINTIFF BOTH VERBALLY AND IN WRITING THAT NO WARRANT EXISTED FOR MUZAURIETA'S ARREST ON JANUARY 15, 1998.**

12. INSTEAD OF COMPLETING DUE DILIGENCE TESTS AND **ARRESTING** MUZAURIETA, CAMPBELL AND LOGAN WENT AFTER THE PLAINTIFF LIKE A WILD ANIMAL. THEY APPROACHED THE PLAINTIFF IN THE VICINITY OF THE LAUNDRY ROOM AND WITHOUT HESITATION CAMPBELL BEGAN READING

HIM HIS RIGHTS. SHE THEN ASKED THE PLAINTIFF IF HE WOULD MAKE A STATEMENT. HE REPLIED THAT HE WOULD AND BEGAN TO ELUCIDATE IN WRITING ON THE SITUATION. CAMPBELL OBJECTED TO THE STATEMENT BEING PREPARED BY PLAINTIFF CLAIMING THAT IT WAS TOO DETAILED. SHE REFUSED TO ASSIST PLAINTIFF IN ACQUIRING THE KEYS TO HIS TOOL ROOM OR SWIMMING POOL ROOM STATING VEHEMENTLY THAT HE HAD NO RIGHT TO HAVE THEM. MORE ALARMINGLY, CAMPBELL ALSO STATED THAT PLAINTIFF **HAD NO RIGHT TO ENTER HIS OFFICE IN THE BUILDING WHICH HE OWNED. ADDING INSULT TO INJURY, CAMPBELL CONTINUOUSLY MADE FUN OF THE PLAINTIFF BY IMITATING HIS ACCENT.**

13. DURING THE TIME THAT PLAINTIFF WAS PREPARING HIS STATEMENT, A RESIDENT OF THE COMPLEX NAMED JOHN DONLON CAME ON THE SCENE AND MADE HIS SERVICES AVAILABLE FOR THE PLAINTIFF BY OFFERING TO MAKE TELEPHONE CALLS TO A LAWYER IF NECESSARY. CAMPBELL ADVISED DONLON THAT SAME WAS NOT NECESSARY AT THAT POINT IN TIME. AFTER COMPLETING THE STATEMENT, CAMPBELL READ ONLY ONE PAGE OF SAME, ASKED THE PLAINTIFF IF HE HAD A GUN AND WHILE PROCEEDING TO HANDCUFF HIM STATED SADISTICALLY: **"THIS IS THE WAY WE DO THINGS IN AMERICA."** AT NO POINT IN TIME PRIOR TO THE HANDCUFFING DID CAMPBELL ADVISE THE PLAINTIFF THAT HE WOULD BE ARRESTED. SHE THEN REFUSED TO ALLOW THE PLAINTIFF TO CALL AN ATTORNEY. SHE ALSO REFUSED TO TALK TO OTHER WITNESSES SUCH AS THE AFORMENTIONED JOHN DONLON. DONLON COULD HAVE PROVIDED HER WITH EVIDENCE THAT BERTRAND HAD THREATENED THE PLAINTIFF WITH HIS GUN.

14. ALTHOUGH THE PLAINTIFF ENUNCIATED IN HIS STATEMENT AND ADVISED CAMPBELL VERBALLY THAT HE HAD A SERIOUS BACK PROBLEM, SHE PLACED THE HANDCUFFS ON HIM AS TIGHTLY AS POSSIBLE. AND TOOK HIM TO THE COUNTY JAIL WHERE HE WAS DETAINED FOR APPROXIMATELY FIVE HOURS. HE SPENT THAT TIME IN THE UNENVIABLE COMPANY OF DRUG PUSHERS, DRUG ADDICTS, MURDERERS, WIFE BEATERS, AND REPEAT OFFENDERS OF ALL HUES AND CRIES. YET, THE ONLY ALLEGATION MADE BY CAMPBELL EITHER VERBALLY OR IN WRITING REGARDING PLAINTIFF'S ALLEGED WRONGDOING WAS THAT HE **PUSHED** ONE OF THE CONVICTED CRIMINALS REFERENCED ABOVE AND THEIR ACCOMPLICE. **SHE FAKED A POLICE REPORT ABOUT ASSAULT AND BATTERY WITHOUT ANY PHYSICAL EVIDENCE WHATSOEVER. ON MARCH 13, 1998, THE STATE ATTORNEY ENUNCIATED THAT THE FACTS AND CIRCUMSTANCES DID NOT WARRANT PROSECUTION OF THE PLAINTIFF.**

15. ON JANUARY 16, 1998, PLAINTIFF VISITED THE LARGO POLICE DEPARTMENT TO LODGE A COMPLAINT AND SPOKE WITH SERGEANT KEVIN MORRISON. MORRISON TOLD THE PLAINTIFF THAT OFFICERS CAMPBELL AND LOGAN WERE CORRECT IN TELLING HIM THAT HE HAD NO RIGHT TO ENTER THE OFFICE IN THE COMPLEX WHICH HE OWNED AND/OR ACQUIRE THE KEYS TO THE

TOOL ROOM OR SWIMMING POOL ROOM. **IN OTHER WORDS, HE HAD NO RIGHT TO RUN HIS BUSINESS**. AFTER CONTACTING HIS ATTORNEY, PLAINTIFF RETURNED TO THE LARGO POLICE DEPARTMENT THAT AFTERNOON AND COMPLAINED ABOUT THE ACTIONS OF OFFICERS CAMPBELL, LOGAN, AND SERGEANT MORRISON. HE THEN GOT TO SPEAK WITH LIEUTENANT BOUDROT WHO ADMITTED THAT CAMPBELL, LOGAN, AND MORRISON WERE INCORRECT IN THEIR ACTIONS AND SHE SENT TWO OFFICERS WITH HIM TO HIS COMPLEX WHERE HIS **DISMISSED CONVICTED CRIMINAL MANAGERS** THEN HANDED OVER THE NECESSARY KEYS AND EQUIPMENT REQUIRED TO EFFECT THE OPERATION OF HIS BUSINESS. AS PER PLAINTIFF'S LEGAL EVICTION DEMAND, BERTRAND AND MUZAURIETA VACATED THE COMPLEX ON JANUARY 21, 1998.

16. ON JANUARY 23, 1998, THE PLAINTIFF RECEIVED TWO BILLS FOR MERCHANDISE FROM TWO COMPANIES WHICH HE HAD NEVER DONE BUSINESS WITH. IN FACT, HE HAD NEVER HEARD THE NAME OF ONE OF THEM BEFORE, PITNEY BOWES. THE MERCHANDISE WAS ORDERED IN PLAINTIFF'S NAME BY BERTRAND AND MUZAURIETA USING THEIR OWN AND/OR SOMEONE ELSE'S DRIVING LICENSE AND SOCIAL SECURITY NUMBER. PITNEY BOWES WAS DEMANDING PAYMENT FOR A REMOTE POSTAL METER WHILE THE OTHER COMPANY INVOLVED, TIME WARNER WAS DEMANDING PAYMENT FOR HBO/CINEMAX AND MOVIES.

17. ON JANUARY 23, 1998, PLAINTIFF WENT TO THE LARGO POLICE STATION AND MET WITH THE CHIEF OF POLICE, MR. BLOECHLE. HE COMPLAINED TO BLOECHLE ABOUT THE ARREST AND THE ACTIONS OF CAMPBELL, LOGAN, AND MORRISON IN GIVING HIM FALSE INFORMATION AND NOT ASSISTING HIM IN ACQUIRING HIS KEYS TO RUN HIS BUSINESS. **DURING THIS MEETING, BLOECHLE ACTED LIKE A WESTERN STYLE COWBOY WITH HIS HAND CONTINUOUSLY ON HIS GUN IN AN APPARENT ATTEMPT TO INTIMATE THE PLAINTIFF**. HE SUPPORTED THE ACTIONS OF OFFICERS CAMPBELL AND LOGAN, AND STATED THAT "WHENEVER THREE PEOPLE MAKE A STATEMENT SAYING SOMEONE PUSHED SOMEBODY ELSE, WE HAVE TO MAKE AN ARREST REGARDLESS OF THE CIRCUMSTANCES OR LACK OF ADDITIONAL EVIDENCE."

18. ON JANUARY 23, 1998, PLAINTIFF FILED A COMPLAINT ABOUT THE ILLEGAL PURCHASES MADE UNDER HIS NAME BY BERTRAND AND MUZAURIETA. **THE COMPLAINT WAS REFERENCED 98-856 AND WAS TAKEN BY OFFICER GLENN SMITH WHO LATER SABOTAGED THE INVESTIGATION**. SMITH NEVER INTERVIEWED BERTRAND OR MUZAURIETA AND DID NOT CALL TIME WARNER. ON FEBRUARY 4, 1998, SMITH TOLD STATE ATTORNEY ELIZABETH HITOS THAT THE PLAINTIFF HAD BEEN ARRESTED BY OFFICER CAMPBELL AND THAT NO CRIMINAL CHARGES SHOULD BE BROUGHT AGAINST HER WITNESSES. HE INTIMATED TO HITOS THAT PLAINTIFF SHOULD PURSUE CIVIL ACTION AGAINST BERTRAND AND MUZAURIETA IF HE SO DESIRED. THIS WAS AN OBVIOUS ATTEMPT TO PROTECT HIS FELLOW OFFICERS CAMPBELL AND LOGAN BY NOT MAKING THEIR CONVICTED CRIMINAL WITNESSES LOOK ANY WORSE THAN THEY ALREADY WERE, IF SAME WAS

POSSIBLE. LATER THAT DAY PLAINTIFF COMPLAINED TO LIEUTENANT BOUDROT AT THE LARGO POLICE HEADQUARTERS ABOUT SMITH'S ACTIONS. **BOUDROT TOLD THE PLAINTIFF THAT THE POLICE CAN DO WHATEVER THEY DESIRE WHENEVER THEY DESIRE.**

19. ON JANUARY 26, 1998, PLAINTIFF WAS FORCED TO SEEK MEDICAL TREATMENT FOR HIS BACK AS A RESULT OF THE HANDCUFFING BY OFFICER CAMBELL. HIS BACK WAS SO BAD AT THAT STAGE THAT HE WAS FORCED TO SEEK ASSISTANCE TO GET TO THE DOCTOR'S OFFICE AND WHILE THERE HAD TO RECEIVE ASSISTANCE TO GET UP AND DOWN OFF THE CHAIR. AN ADDITIONAL VISIT WAS NECESSARY ON FEBRUARY 2, 1998. THE PLAINTIFF STIL SUFFERS FROM THE EFFECTS OF THE INJURY CAUSED BY CAMPBELL.

20. ON/OR ABOUT MARCH 1, 1998, A DELINQUENT TENANT NAMED STACY JONES STOLE BLINDS AND LAMPS FROM APARTMENT TWO IN PLAINTIFF'S COMPLEX. A COMPLAINT WAS FILED AND SUPPOSEDLY INVESTIGATED BY OFFICER FITZGERALD. ON ARRIVING AT THE COMPLEX'S OFFICE, FITZGERALD STOOD AT THE SIDE OF THE DOOR AND ASKED THE PLAINTIFF ABOUT HIS CROSS BOW. HE SAID THE POLICE DEPARTMENT HAD ALERTED HIM ABOUT PLAINTIFF'S OWNERSHIP OF A CROSS BOW. **THE PLAINTIFF HAS NEVER OWNED A CROSS BOW AND DOESN'T EVEN KNOW WHAT ONE LOOKS LIKE.** NO ACTION HAS BEEN TAKEN OR SOUGHT IN CONNECTION WITH THE ABOVE THEFT. THROUGH A POLICE REPRESENTATIVE NAMED CAPTAIN JOHNS, A COVER UP HAS BEEN PROMULGATED BY CLAIMING THAT THE PERPETRATORS HAVE LEFT THE STATE AND THAT NO TRACES OF THEIR WHEREABOUTS EXIST. **EVEN THIS PLAINTIFF KNOWS THAT THEY ARE RESIDENT IN PENNSYLVANIA.**

21. ON MARCH 3, 1998, PLAINTIFF SPOKE WITH THE LARGO CITY MANAGER, STEVEN STAUNTON. HE REQUESTED THE CITY MANAGER TO CONDUCT AN INDEPENDENT INVESTIGATION INTO THE ACTIVITIES OF THE LARGO CITY POLICE JUST AS THE CLEARWATER CITY MANAGER HAD DONE SUBSEQUENT TO A COMPLAINT AGAINST THAT CITY'S POLICE FORCE. **STAUNTON TOLD THE PLAINTIFF THAT IF HE SENT IN A LETTER OF COMPLAINT TO HIS OFFICE, HE WOULD NEITHER OPEN IT NOR READ IT.**

22. ON MARCH 23, 1998, A TIME WARNER TECHNICIAN VISITED PLAINTIFF'S COMPLEX AND DEMANDED THE RETURN OF A CABLE BOX OR FIVE HUNDRED DOLLARS. THIS WAS AN ADDITIONAL ITEM ORDERED BY BERTRAND AND MUZAURIETA USING PLAINTIFF'S NAME. THE TECHNICIAN THREATEDED TO CUT OFF THE TELEVISION TO THE BUILDING IF THE MONEY WASN'T PAID. PLAINTIFF REPORTED THE MATTER TO THE LARGO POLICE ON MARCH 24, 1998. **HE DIRECTED HIS COMPLAINT TO ASSISTANT CHIEF, MS. GERSHKOWITZ. THE COMPLAINT FELL ON DEAF EARS.** OTHER THAN HARASSMENT FROM TIME WARNER, NOTHING WAS HEARD ABOUT THE MATTER UNTIL AFTER PLAINTIFF CALLED THE CITY MANAGER'S OFFICE ON JULY 9, 1998. HE THEN

RECEIVED A CALL FROM ONE CAPTAIN JOHNS ON JULY 10, 1998. **IN A LETTER DATED JULY 20, 1998, CAPTAIN JOHNS ADMITTED THAT HE HAD NO EXPLANATION AS TO WHY NO ACTION WAS TAKEN ON PLAINTIFF'S COMPLAINT OF MARCH 24, 1998.**

23. SUBSEQUENT TO PLAINTIFF'S CALL TO THE CITY MANAGER'S OFFICE AND THE CALL FROM CAPTAIN JOHNS, A SO-CALLED INVESTIGATION REFERENCED 98-7499 WAS CONDUCTED BY ONE OFFICER MCKEEVER. THE FACT THAT BERTRAND HAD AGAIN COMMITTED A CRIMINAL OFFENSE BY USING PLAINTIFF'S NAME TO PURCHASE MERCHANDISE WAS SWEPT UNDER THE RUG. AS A PLOY TO PROTECT CRIMINAL BERTRAND, THE OFFICER FABRICATED A REPORT THAT NO ACTIONS SHOULD BE TAKEN AS THE PERPETRATOR HAD JUST TAKEN THE EQUIPMENT BY ACCIDENT FROM THE BUILDING EVEN THOUGH HE HAD PURCHASED IT ILLEGALLY USING PLAINTIFF'S NAME.

24. ON MAY 13, 1992, A PERPETRATOR CAME IN OFF THE STREET AND SMASHED IN THE DOOR OF APARTMENT 17 IN PLAINTIFF'S COMPLEX WITH A BASEBALL BAT. THERE WERE WITNESSES TO THE INCIDENT AND THE PERPETRATOR WAS IDENTIFIED. WHEN THE PLAINTIFF CALLED THE LARGO POLICE TO LODGE A COMPLAINT, HE WAS TOLD IT WAS A PRIVATE MATTER BETWEEN HIM AND THE PERPETRATOR. A REPORT REFERENCED 92-04321 WAS COMPILED BY OFFICER MAGNUSON WHO TOLD THE PLAINTIFF THAT HE WAS NOT THE VICTIM OF THE DISTURBANCE DESPITE THE FACT THAT HE HAD TO FOOT A BILL OF $175.00 FOR A NEW DOOR. ALTHOUGH PLAINTIFF LATER WENT TO THE POLICE STATION AND REQUESTED ACTION AGAINST THE KNOWN PERPETRATOR, SAID REQUEST FELL ON DEAF EARS.

25. IN 1997, THE PLAINTIFF WAS CONTINUOUSLY HARASSED ON THE TELEPHONE AT HIS HOME IN NEW JERSEY BY A FORMER PROSPECTIVE TENANT AND LARGO RESIDENT NAMED RICHARD DINARDIS. WHEN HE LODGED A COMPLAINT WITH THE LARGO POLICE DEPARTMENT, HE WAS TOLD THAT THE CRIME WAS TAKING PLACE IN NEW JERSEY EVEN THOUGH THE CALLS WERE BEING MADE FROM LARGO, FLORIDA, AND THAT SAME WAS A MATTER FOR THE NEW JERSEY STATE POLICE. **IN OTHER WORDS, DON'T BOTHER US WITH ANY OF YOUR PROBLEMS.**

26. IN 1997, A GAS STATION WAS HELD UP IN THE VICINITY OF MISSOURI AVENUE, IN LARGO. THE LARGO POLICE CAME INTO PLAINTIFF'S COMPLEX LIKE A GESTAPO UNIT MANHANDLING AND HANDCUFFING ONE OF PLAINTIFF'S TENANTS TO SHOW OFF. THEY THEN RELEASED THE TENANT WITHOUT TAKING ANY FURTHER ACTION. THE GENTLEMAN INVOLVED, ONE KEVIN RYAN, DOESN'T LOOK EXACTLY LIKE THE KIND OF PERSON THAT WOULD HOLD UP A GAS STATION.

27. ON ANOTHER OCCASION IN 1997, WHEN CONCRETING WAS BEING COMPLETED ON THE SIDE OF THE LANE WAY AT THE BACK OF PLAINTFF'S COMPLEX, A TRUCK WITH GEORGIA LICENSE PLATES

DROVE RIGHT OVER THE WET CONCRETE. THE TRUCK CONTINUED ON AND STOPPED AT THE ADJACENT CARPET STORE. THE LARGO POLICE WERE CALLED BUT INSTEAD OF HOLDING THE DRIVER WHO WAS STILL INSIDE THE CARPET STORE, THEY BUSIED THEMSELVES ASKING QUESTIONS OF THE PLAINTIFF UNTIL THE TRUCK HAD SPED OFF. THE POLICE WERE SUPPLIED WITH THE NUMBER OF THE TRUCK, BUT NOTHING HAS BEEN HEARD ABOUT IT SINCE.

28. THERE HAS BEEN NUMEROUS COMPLAINTS OF THEFT FROM PLAINTIFF'S BUILDING OVER THE YEARS, ALL WITHOUT ANY FOLLOW UP OR INTEREST FROM THE LARGO POLICE DEPARTMENT.

## CONCLUSION

29. POLICE OFFICERS LOGAN AND CAMPBELL HAD PREVIOUS DEALINGS WITH CRIMINALS MUZAURIETA AND BERTRAND. MUZAURIETA HAD BEEN ARRESTED TWICE BY THEIR POLICE DEPARTMENT. IN FACT, LOGAN WAS ONCE RESPONSIBLE FOR ARRESTING HER AND CAMPBELL, AS THE BACK UP OFFICER WAS RESPONSIBLE FOR INCARCERATING HER IN THE PINELLAS COUNTY JAIL. COMMON SENSE SHOULD HAVE PREVAILED ON JANUARY 15, 1998, IN THAT BOTH OFFICERS SHOULD HAVE KNOWN THE TYPE OF **CRIMINALS** THEY WERE DEALING WITH. **NOT CHECKING OUT THE EXISTENCE OF ARREST WARRANTS ON THE PART OF OFFICERS LOGAN AND CAMPBELL IS BOTH INCOMPETENT AND UNCONSCIONABLE.**

## FOR A FIRST CAUSE OF ACTION

30. PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN PARAGRAPHS 1 THROUGH 29 AS THOUGH FULLY SET FORTH HEREIN.

31. DEFENDANTS' ACTIONS AS OUTLINED IN THE ABOVE REFERENCED PARAGRAPHS HAVE VIOLATED THE PLAINTIFF'S CIVIL AND HUMAN RIGHTS AND ARE ACTIONABLE UNDER 42 USC SECTIONS 1983 AND 1985 OF UNITED STATES FEDERAL LAW AND THE LAWS OF THE STATE OF FLORIDA..

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF DEMANDS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS:

1. DECLARING THAT DISCIPLINE IMPOSED ON PLAINTIFF BY DEFENDANTS VIOLATED 42 USC SECTIONS 1983 AND 1985 OF UNITED STATES FEDERAL LAW AND THE LAWS OF THE STATE OF FLORIDA;

2. DECLARING THAT DEFENDANTS CAMPBELL, LOGAN, BLOECHLE, AND STAUNTON VIOLATED THE PLAINTIFF'S CIVIL RIGHTS AND AWARD THE PLAINTIFF ONE MILLION DOLLARS EACH IN DAMAGES;

9

3. DECLARING THAT THE LARGO POLICE DEPARTMENT VIOLATED THE PLAINTIFF'S CIVIL RIGHTS AND AWARD THE PLAINTIFF TWO MILLION DOLLARS IN DAMAGES;

4. GRANTING PLAINTIFF COMPENSATORY DAMAGES FOR HIS EMOTIONAL DISTRESS;

5. GRANTING PLAINTIFF PUNITIVE DAMAGES;

6. GRANTING PLAINTIFF COSTS AND DISBURSEMENTS OF THIS ACTION, INCLUDING REASONABLE ATTORNEYS FEES;

7. GRANTING PLAINTIFF REIMBURSEMENTS FOR MEDICAL EXPENSES INCURRED BECAUSE OF THE DISCRIMINATION;

8. GRANTING PLAINTIFF MONETARY RELIEF FOR PHYSICAL INJURY CAUSED BY OFFICER CAMPBELL;

9. GRANTING PLAINTIFF SUCH OTHER AND FURTHER RELIEF AS MAY BE EQUITABLE AND JUST.

DATED: FEBRUARY 18, 1999

*Harry Dunleavy*
HARRY DUNLEAVY
ATTORNEY PRO SE
16 PRICE ROAD
AUGUSTA, NEW JERSEY 07822
TEL: 973 579 5295
FAX: 973 579 5457
EMAIL: HDUNLEAVY@TAPNET.NET